UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER DORSEY-ROBINSON,

    Plaintiff,

v.                                        Case No: 8:23-cv-1088-KKM-SPF

VANESSA COLLINS, JEMARION
HOLDER, and HILLSBOROUGH
COUNTY SHERIFF'S OFFICE,

    Defendants.
_____

## ORDER

Jennifer Dorsey-Robinson sues two private individuals—Vanessa Collins and Jemarion Holder—and the Hillsborough County Sheriff's Office and (maybe) Deputy Jeffrey Richards. Compl. (Doc. 5-1). Dorsey-Robinson's complaint is a shotgun pleading because it fails to give this Court and the Defendants "adequate notice of the claims" and "the grounds upon which each claim rests." *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). Accordingly, Dorsey-Robinson's complaint is dismissed without prejudice.

If a complaint is a shotgun pleading, this Court, "acting on its own initiative," must strike the complaint and instruct the plaintiff to replead the case. *Cramer v. State of Fla.*,

117 F.3d 1258, 1263 (11th Cir. 1997). *Weiland* outlines four common types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. 792 F.3d at 1321–23.

Dorsey-Robinson alleges that Collins and Holder "lied under oath" by falsely reporting to the police that Dorsey-Robinson brandished a firearm at Collins. Compl. at 3. She then alleges that Deputy Jeffery Richards also lied and wrote a "false report." *Id.* Dorsey-Robinson's complaint succumbs to the shotgun pleading rules because it is "replete with conclusory [and] vague" allegations. *Weiland*, 792 F.3d at 1322. The complaint summarily accuses the Defendants of violating Dorsey-Robinson's Fourth-Amendment rights by falsely imprisoning her. Compl. at 3. Of course, the Fourth Amendment (and Supreme Court precedent interpreting it) does not create a private cause of action against private individuals or state actors. *See* U.S. CONST. amend. IV. Dorsey-Robinson makes no mention of 42 U.S.C. § 1983 or a state-law tort, but presumably she attempts to bring at least the former claim against Richards or the Sheriff's Office. If the latter, she does not

explain how the Hillsborough County Sheriff's Office is liable for any false imprisonment or false arrest effectuated by Richards because she makes no allegations about the Office's policies or practices.

As for Collins and Holder, who appear to be private citizens and not law enforcement officers, there are no state-law tort claims mentioned. Because they cannot be sued under § 1983 (unless acting on behalf of the state—and there are no allegations of that), presumably Dorsey-Robinson intended to bring different claims against them. But her complaint fails to separate "into a different count each cause of action or claim for relief." *Wieland*, 792 F.3d at 1322–23.

Accordingly, Dorsey-Robinson's complaint, (Doc. 5-1), is **DISMISSED without prejudice.** Dorsey-Robinson may file an amended complaint **no later than June 9, 2023**. If Dorsey-Robinson fails to refile in a timely manner or submits another shotgun pleading, this action will become subject to dismissal without further notice.

**ORDERED** in Tampa, Florida, on May 19, 2023.

Kathryn Kimball Mizelle
United States District Judge